## [No. 1976.]

### JOHN LANTZNESTER *v.* THE STATE.

UNLAWFUL SALE OF INTOXICATING LIQUORS TO A MINOR — INFORMATION — TERM DEFINED. — The sale or gift of intoxicating liquor to a person under the age of twenty-one years, without the written consent of the parent or guardian of such minor, or other person standing in the place of such parent or guardian, is a penal offense in this State, under the provisions of article 376 of the Penal Code.   "Parent," in common parlance, signifies father or mother, and, by express provision of article 22 of the Penal Code of this State, is made to include both male and female.   "Father" or "mother," therefore, is not equivalent to the statutory word "parent;" and an information does not negative the consent of the "parent" by using the term "father" in the stead of "parent."   The general rule is that the indictment or information should follow and conform to the statute denouncing the offense.   When other words are used, the words substituted must be equivalent to the statutory terms, or be of a more comprehensive and extensive signification.

APPEAL from the County Court of Hunt.   Tried below before the Hon J. S. Sherrill, County Judge.

The conviction in this case was for the sale of intoxicating liquor to J. M. Moody, a minor under the age of twenty-one years, without the written consent of his *father*, J. H. Moody.   A fine of $20 was assessed against the appellant.

*Terhune & Yoakum* and *Jones & Cushman*, for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.   The statute upon which this information was brought reads thus:   "Any person who shall knowingly

sell or cause to be sold or given any spirituous, vinous or intoxicating liquor to any other person under the age of twenty-one years, without the written consent of the parent or guardian of such minor, or of some one standing in their place or stead, shall be fined not less than twenty-five nor more than one hundred dollars." (Penal Code, art. 376.)

Such written consent may be given by "the parent." "Parent" means a father or mother. (Webster's Dic.) Under express provision of our statute the word is made to include "both *males* and *females.*" (Penal Code, art. 22.) A mother's written consent to the sale of intoxicating liquor to her minor child would absolve the seller from liability under the statute, to the same extent as would the father's. An indictment or information under the statute, to be sufficient, should negative the want of the written consent of the "parent," since that word includes both parents,— male and female, father and mother. The use of the word "father" or "mother" is not equivalent to the statutory word "parent." The indictment or information should, as a general rule, follow and conform to the statute denouncing the offense. Where other words are used, the words substituted must be equivalent to the statutory terms or be of a more comprehensive and extensive signification. (*State* v. *Wupperman,* 13 Texas, 53; Clark's Crim. Law, p. 420 and note; *Lagrove* v. *The State,* 12 Texas Ct. App., 426; *Tynes* v. *The State,* 17 Texas Ct. App., 123; *Kerry* v. *The State,* 17 Texas Ct. App., 185.)

In the information before us the charge was that the intoxicating liquor was sold to the minor "without the written consent of J. H. Moody, *the father* of said minor." This allegation did not negative the written consent of the mother, who was also a parent and capable of giving consent. The information is fatally defective. (See Willson's Forms, No. 256.) Wherefore the judgment is reversed, and the prosecution is dismissed.

*Reversed and dismissed.*

[Opinion delivered November 11, 1885.]